# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WESTERN BOTANICALS FL, LLC,**

      **Plaintiff,**

v.   Case No: 6:24-cv-1871-PGB-LHP

**ROBERT S. MORSE, DR. MORSE'S HERBAL HEALTH CLUB, LLC, DMHHC HOLDINGS, LLC, HANDCRAFTED BOTANICAL FORMULAS, LLC, MORSE'S HEALTH CENTER AND HANDCRAFTED STORE, LLC and MORSE'S HEALTH CENTER, LLC,**

      **Defendants.**

_____/

# ORDER

This cause is before the Court upon Plaintiff Western Botanicals FL, LLC's ("**Plaintiff**") Motion for Preliminary Injunction (Doc. 12 (the "**Motion**")). The Court does not deem a response necessary from Defendants, as they have yet to appear in the case.[1] Upon consideration, Plaintiff's Motion is due to be denied without prejudice.

---

[1] "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

**I.   BACKGROUND**

Plaintiff initiated this action against Defendants on October 17, 2024. (*See* Doc. 1 (the "**Complaint**")). In the Complaint, Plaintiff alleges eight counts arising from Plaintiff's acquisition of Defendant Robert S. Morse's supplement business, Dr. Morse's Cellular Botanicals. (*See id.*). In sum, Plaintiff seeks to "to stop and enjoin Morse's infringing activity, protect the valuable assets that Morse sold to Western Botanicals, and recover the damages it has suffered as a result of Morse's misconduct." (*Id.* ¶ 5). Accordingly, on October 24, 2024, Plaintiff filed the instant Motion, requesting a preliminary injunction "to put[] an end to Defendants' willful violations of [Plaintiff's] intellectual property rights." (Doc. 12, p. 3).

**II.   DISCUSSION**

Simply put, Plaintiff's Motion fails to comply with Federal Rule of Civil Procedure 65 and Local Rule 6.02. Specifically, Federal Rule of Civil Procedure 65(a)(1) provides that: "[t]he court may issue a preliminary injunction only on notice to the adverse party." Local Rule 6.02(b) also requires a movant to "notify each affected party as soon as practical unless the movant establishes by clear and convincing evidence an extraordinary circumstance not requiring notice." Additionally, under Local Rule 6.02(c), an opposing party is entitled to respond to a motion for a preliminary injunction.

At the outset, Plaintiff has not provided any indication to the Court that Defendants are aware of the Motion, or the case itself. Nor has Plaintiff established by "clear and convincing evidence an extraordinary circumstance not requiring

2

notice." *See* Local Rule 6.02(b). Finally, Defendants have yet to appear in this action, and thus, have not had an opportunity to respond to the Motion. *See* Local Rule 6.02(c).

Therefore, considering Plaintiff has failed to notify Defendants of the Motion, that alone is a sufficient basis to deny Plaintiff's request for a preliminary injunction. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) ("In order for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction." (citing FED. R. CIV. P. 65(a)(1))); *see also Faller v. Casa Bahia at Westshore Yacht Club Condo. Ass'n, Inc.*, No. 8:21-cv-1731-MSS-AAS, 2021 WL 12141705, at *1–2 (M.D. Fla. Aug. 5, 2021) (denying a motion for a preliminary injunction for failure to comply with the notice requirements).[2] Consequently, the Court need not address the remaining deficiencies in Plaintiff's Motion.[3]

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Preliminary Injunction (Doc. 12) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Orlando, Florida on October 25, 2024.

---

[2] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).

[3] The Court notes that its denial of the Motion is *without* prejudice, and thus, Plaintiff may file an amended motion in compliance with the Federal Rules of Civil Procedure and the Local Rules. Alternatively, Plaintiff may seek a temporary restraining order, which may be issued without notice, in accordance with Federal Rule of Civil Procedure 65(b) and Local Rule 6.01.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties