**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WESTERN BOTANICALS FL, LLC,**

      **Plaintiff,**

v.                                      **Case No: 6:24-cv-1871-PGB-LHP**

**ROBERT S. MORSE, DR. MORSE'S HERBAL HEALTH CLUB, LLC, DMHHC HOLDINGS, LLC, HANDCRAFTED BOTANICAL FORMULAS, LLC, MORSE'S HEALTH CENTER AND HANDCRAFTED STORE, LLC, MORSE'S HEALTH CENTER, LLC and JOHN DOE COMPANIES 1-5,**

      **Defendants.**
_____/

## **ORDER**

This cause comes before the Court upon Defendants' Motion to Stay This Action Pending the Court's Ruling on Their Motion to Dismiss for Improper Venue or, in the Alternative, Motion for 45-Day Extension to Respond to Plaintiff's Second Motion for Preliminary Injunction (Doc. 37 (the "**Motion**")). Plaintiff filed a response in opposition. (Doc. 42 (the "**Response**")). Upon consideration, the Motion is due to be granted in part and denied in part.

I.  **BACKGROUND**

Plaintiff initiated this action against Defendants on October 17, 2024. (Doc. 1 (the "**original Complaint**")). Plaintiff served Defendants with a copy of the original Complaint on October 28, 2024 and October 29, 2024. (*See* Docs. 21 through 26). Plaintiff amended the original Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) on November 18, 2024. (Doc. 28 (the "**Amended Complaint**")). In the Amended Complaint, Plaintiff alleges eight counts arising from Plaintiff's acquisition of Defendant Robert S. Morse's supplement business, Dr. Morse's Cellular Botanicals. (*See id.*). In sum, Plaintiff seeks "to stop and enjoin Morse's infringing activity, protect the valuable assets that Morse sold to Western Botanicals, and recover the damages it has suffered as a result of Morse's misconduct." (*Id.* ¶ 5). Accordingly, on November 25, 2024, Plaintiff filed a Second Motion for Preliminary Injunction "to put[] an end to Defendants' willful violations of [Plaintiff's] intellectual property rights."[1] (Doc. 31).

Thereafter, on December 2, 2024, Defendants filed a Motion to Dismiss the Amended Complaint for Improper Venue. (Doc. 36 (the "**Motion to Dismiss**")). Three days later, on December 5, 2024, Defendants filed the instant Motion requesting that the Court: (1) stay this action until its ruling on the Motion to Dismiss; or (2) grant an extension of forty-five days for Defendants to respond to

---

[1] Plaintiff filed its original Motion for Preliminary Injunction on November 12, 2024, which the Court denied because it failed to comply with Federal Rule of Civil Procedure 65 and Local Rule 6.02. (*See* Docs. 12, 16).

2

the Second Motion for Preliminary Injunction. (Doc. 37). Plaintiff filed a Response opposing Defendants' requests, and thus, the matter is ripe for review. (Doc. 42).

## II. DISCUSSION

As an initial matter, the Court does not ordinarily stay cases for pending motions absent good cause shown. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) (finding that a court has broad discretion to stay proceedings or decline to do so incident to the court's inherent authority to manage its cases). Defendants do not provide good cause to support a stay of the entire case. (*See* Doc. 37). Consequently, Defendants' request to stay this action until the Court's ruling on the Motion to Dismiss is denied.

Regarding Defendants' requested extension of forty-five days to respond to the Second Motion for Preliminary Injunction, Defendants fail to satisfy Federal Rule of Civil Procedure 6. (Doc. 37). Notably, Defendants do not even reference Federal Rule of Civil Procedure 6, nor do they cite to any other legal authority to support the requested extension. (*See id.*); s*ee also* Local Rules 1.01(d)(10), 3.01(a). Moreover, Defendants fail to provide good cause for the requested extension. (Doc. 37, p. 4); *see* FED. R. CIV. P. 6(b)(1)(A). The Court thus denies Defendants' requested extension of forty-five days to respond to the Second Motion for Preliminary Injunction. However, the Court acknowledges that Defendants' response deadline was December 9, 2024, which passed while the instant Motion was pending before the Court. *See* Local Rule 3.01(c). Additionally, Plaintiff noted that it was "amenable to an extension of five business days." (Doc.

3

42, p. 4). As such, the Court grants Defendants an extension of five business days to respond to Plaintiff's Second Motion for Preliminary Injunction.

Finally, in the Response, Plaintiff apprised the Court of Defendants' failure to comply with Local Rule 3.01(g). (*See* Doc. 42). The Court has already reminded Defendants of the duty to confer in good faith under Local Rule 3.01(g). (*See* Doc. 35). As a second and *final* reminder, the Court cautions Defendants that any future motions must satisfy Local Rule 3.01(g). Failure to comply with Local Rule 3.01(g), or any of the Local Rules, shall result in the denial of any related motions or other appropriate sanctions.

## III.   CONCLUSION

For the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Stay This Action Pending the Court's Ruling on Their Motion to Dismiss for Improper Venue or, in the Alternative, Motion for 45-Day Extension to Respond to Plaintiff's Second Motion for Preliminary Injunction (Doc. 37) is **GRANTED IN PART AND DENIED IN PART**. Defendants shall respond to Plaintiff's Second Motion for Preliminary Injunction on or before **December 16, 2024**.

**DONE AND ORDERED** in Orlando, Florida on December 10, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

4

Counsel of Record
Unrepresented Parties