**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WESTERN BOTANICALS FL, LLC,**

        **Plaintiff,**

v.                                                                              Case No: 6:24-cv-1871-PGB-LHP

**ROBERT S. MORSE, DR. MORSE'S HERBAL HEALTH CLUB, LLC, DMHHC HOLDINGS, LLC, HANDCRAFTED BOTANICAL FORMULAS, LLC, MORSE'S HEALTH CENTER AND HANDCRAFTED STORE, LLC and MORSE'S HEALTH CENTER, LLC,**

        **Defendants.**
_____/

**ORDER**

This cause is before the Court upon Defendants Robert S. Morse ("**Morse**"); Dr. Morse's Herbal Health Club, LLC ("**Herbal Health Club**"); DMHHC Holdings, LLC ("**DMHHC Holdings**"); Handcrafted Botanical Formulas, LLC ("**Handcrafted Botanicals**"); Morse's Health Center and Handcrafted Store, LLC ("**Handcrafted Store**"); and Morse's Health Center, LLC's ("**Health Center**") (collectively, the "**Defendants**") Motion to Dismiss the Amended Complaint for Improper Venue (Doc. 36 (the "**Motion**")). Plaintiff Western Botanicals FL, LLC ("**Plaintiff**") filed a response in opposition. (Doc. 44

(the "**Response**")). Upon consideration, Defendants' Motion is due to be granted in part and denied in part.

## I. BACKGROUND

Plaintiff initiated this action against Defendants on October 17, 2024, and amended the Complaint (Doc. 1) on November 18, 2024 (Doc. 28 (the "**Amended Complaint**")).

In the Spring of 2022, Plaintiff acquired a line of herbal supplements—"Dr. Morse's Cellular Botanicals" ("**DMCB**")—from Defendants Morse, Herbal Health Club, and DMHHC Holdings. (*Id.* ¶¶ 1–2). Within this transaction, Plaintiff acquired "the rights to, and goodwill in, a portfolio of valuable trademarks" associated with DMCB. (*Id.* ¶¶ 3, 30–34). Due to post-acquisition disputes, Plaintiff executed a Settlement and Mutual Release Agreement ("**Settlement Agreement**") with Defendants Morse, Herbal Health Club, and DMHHC Holdings on April 5, 2024. (*Id.* ¶¶ 4, 44). The Settlement Agreement includes a noncompetition, non-solicitation, noninterference, and a non-disparagement provision. (*Id.* ¶¶ 46–48). The terms of each of these provisions are explicitly set forth in the Amended Complaint. (*Id.*).

Shortly after the Settlement Agreement's execution, Defendant Morse began competing with Plaintiff in a manner that violates Plaintiff's rights and trademarks. (*Id.* ¶ 4). According to Plaintiff, as part of this ongoing misconduct, Defendant Morse "has been marketing and promoting a new line of herbal supplements" using Plaintiff's trademarks. (*Id.*). Defendant Morse has allegedly

committed such misconduct through Defendant Herbal Health Club and Defendant DMHHC Holdings, the two other parties to the Settlement Agreement, as well as through Defendants Handcrafted Botanicals, Handcrafted Store, and Health Center. (*See generally* Doc. 28).

Plaintiff thus seeks to enjoin Defendant Morse's infringing activity, protect Plaintiff's acquired assets, and recover damages. (*Id.* ¶ 5). As such, Plaintiff alleges the following counts against all Defendants: (1) Infringement of Registered Trademarks (15 U.S.C. § 1114); (2) Infringement of Common-Law Trademarks (15 U.S.C. § 1125(a)(1)(A)); (3) False Advertising (15 U.S.C. § 1125(a)); (4) Violation of Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.201); and (5) Unfair Competition (Florida Common Law). (*See generally* Doc. 28). Plaintiff also alleges the following counts solely as to Defendants Morse, Herbal Health Club, and DMHHC Holdings: (6) Breach of Settlement Agreement's Noncompetition Provision; (7) Breach of Settlement Agreement's Non-Solicitation Provision; (8) Breach of Settlement Agreement's Noninterference Provision; and (9) Breach of Settlement Agreement's Non-Disparagement Provision. (*Id.*).

Defendants filed a Motion to Dismiss the Amended Complaint for Improper Venue (Doc. 36) pursuant to the Settlement Agreement's forum-selection clause, and Plaintiff filed a response in opposition (Doc. 44). The matter is thus ripe for review.

## II. DISCUSSION

As an initial matter, the Court notes that it is procedurally improper for Defendants to seek to enforce the forum-selection clause by means of a Rule 12(b)(3) motion to dismiss for improper venue. (*See* Doc. 36); *see Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). In *Atlantic Marine*, the Supreme Court clarified that the proper method to enforce a forum-selection clause "pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." 571 U.S. at 580. Here, Defendants seek to enforce the Settlement Agreement's forum-selection clause pointing to the state courts in Orange County, Florida. (Doc. 36-1, p. 7). The Court thus analyzes Defendants' request for dismissal of the case under the doctrine of *forum non conveniens. See Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1296 (11th Cir. 2021) (affirming a district court's dismissal under *forum non conveniens* because although the defendants erred in moving under Rule 12(b)(3), the error "did not affect the issues that control[led] their request for dismissal or the district court's analysis, so the error did not prejudice [Plaintiff] in any way" (citations omitted)).

However, before analyzing whether dismissal of the case is warranted under the doctrine of *forum non conveniens*, the Court first assesses the scope and enforceability of the forum-selection clause.

### A.   The Forum-Selection Clause

Here, the forum-selection clause, in pertinent part, provides that:

4

> THE PARTIES FURTHER AGREE THAT THE STATE COURTS LOCATED IN ORANGE COUNTY, FLORIDA SHALL BE THE FORUM FOR THE RESOLUTION OF ANY DISPUTE, CLAIM, OR ALLEGATION ARISING FROM OR RELATING TO THIS AGREEMENT.

(Doc. 36-1, p. 7). In the Motion, Defendants assert that the forum-selection clause is mandatory, which makes it "presumptively valid and enforceable." (Doc. 36, pp. 4–7). Defendants further assert that the forum-selection clause applies to all claims alleged in the Amended Complaint. (*Id.* at pp. 3–4). Defendants thus conclude that dismissal of the case is warranted under the forum-selection clause. (*See* Doc. 36). In the Response, Plaintiff maintains that dismissal of the case is not warranted because the forum-selection clause is permissive. (Doc. 44, pp. 3–6). Moreover, Plaintiff argues that even if the forum-selection clause were mandatory, the Court should nonetheless deny the Motion because "over half of [Plaintiff's] claims do not arise from or relate to the Settlement Agreement and half of the Defendants are not parties to that Agreement." (*Id.* at pp. 6–13).

As discussed below, the Court finds that the forum-selection clause is mandatory, valid, enforceable, and applies only to Defendants Morse, Herbal Health Club, and DMHHC Holdings.

### 1. *The Forum-Selection Clause Is Mandatory*

Defendants argue that the forum-selection clause is mandatory because it specifies that the state courts in Orange County, Florida "shall" be "the" forum. (Doc. 36, pp. 3–4). Plaintiff argues that while the forum-selection clause includes

5

the term "shall," it does not contain any language of "exclusivity," and thus, it is permissive. (Doc. 44, pp. 3–6).

A forum-selection clause is permissive when it "authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere." *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004). In contrast, a forum-selection clause is mandatory when it "dictates an exclusive forum for litigation under the contract." *Id.* (internal quotation marks and citation omitted).

Here, the forum-selection clause is mandatory as it provides that: "[t]he parties further agree that the state courts located in Orange County, Florida shall be the forum for the resolution of any dispute, claim, or allegation arising from or relating to this agreement." (Doc. 36-1, p. 7). First, the forum-selection clause employs the term "shall," a term the Eleventh Circuit has recognized as "one of requirement." (*Id.*); *see Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011) (citation omitted). Moreover, the forum-selection clause specifies that the state courts in Orange County, Florida shall be "the" forum. (Doc. 36-1, p. 7). The use of the term "the" communicates exclusivity as it implies one forum. (*Id.*); *see Slater*, 634 F.3d at 1330 ("Under general contract principles, the plain meaning of a contract's language governs its interpretation." (citation omitted)). Finally, the forum-selection clause specifies that it pertains to "any dispute, claim, or allegation arising from or relating to" the Settlement Agreement. (Doc. 36-1, p. 7). The Eleventh Circuit has concluded that "any" means

6

"every" or "all." *See DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1316 (11th Cir. 2020) (citing *United States v. Castro*, 837 F.2d 441, 445 (11th Cir. 1988)). In sum, this language means that the state courts in Orange County, Florida shall be the one forum for the resolution of all disputes arising from or relating to the Settlement Agreement.[1]

### 2. *The Forum-Selection Clause Is Valid and Enforceable*

Forum-selection clauses are "'presumptively valid and enforceable' absent a 'strong showing that enforcement would be unfair or unreasonable under the circumstances.'" *See Slater*, 634 F.3d at 1331 (quoting *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009)). A party can demonstrate that enforcement of a forum-selection clause would be "unfair or unreasonable under the circumstances" when: "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Id.*

The parties here do not dispute whether the forum-selection clause is valid and enforceable. (*See* Docs. 36, 44). Moreover, the Court does not independently find any indication that enforcement of the forum-selection clause would be

---

[1] Plaintiff's Response primarily relies on a series of cases addressing forum-selection clauses with language that the parties "shall be subject to the jurisdiction" of a particular forum. (*See* Doc. 44, pp. 3–6). The Court declines analysis of such cases for two reasons. First, these cases are non-binding authority. *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive."). Second, Plaintiff fails to explain how the "shall be subject to the jurisdiction of" language compares to the "shall be the forum" language at issue here. (*See* Doc. 44).

"unfair or unreasonable under the circumstances." *See Slater*, 634 F.3d at 1331. Accordingly, the forum-selection clause is valid and enforceable.

> 3. *The Forum-Selection Clause Does Not Apply to Defendants Handcrafted Botanical Formulas, Handcrafted Store, and Health Center*

The Settlement Agreement is between Plaintiff Western Botanicals and Defendants Morse, Herbal Health Club, and DMHHC Holdings (collectively, the "**Signatory Defendants**"). (Doc. 28, ¶ 44). Defendants Handcrafted Botanical Formulas, Handcrafted Store, and Health Center (collectively, the "**Nonsignatory Defendants**") are not parties to the Settlement Agreement. (*Id.*).

A forum-selection clause "is a contractual provision that cannot ordinarily be invoked by or against one who was not a party to the agreement in which the clause appears." *Usme v. CMI Leisure Mgmt., Inc.*, 106 F.4th 1079, 1087 (11th Cir. 2024) (citations omitted). Certain exceptions, though, allow a non-party to an agreement to enforce the agreement's provisions through "assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel." *Id.*

Defendants seek to enforce the forum-selection clause as to all counts against all Defendants. (Doc. 36, p. 4). Yet, Defendants fail to provide any argument or authority in support of extending the Settlement Agreement and its forum-selection clause to the Nonsignatory Defendants. (*See* Doc. 36; Doc. 44, p. 12). In fact, Defendants do not even mention this fatal issue. (*Id.*). Consequently,

8

the forum-selection clause does not apply to the Nonsignatory Defendants. *See Usme*, 106 F.4th at 1087.

    4. *The Forum-Selection Clause Applies to Counts 1–9 Against Defendants Morse, Herbal Health Club, and DMHHC Holdings*

Considering the forum-selection clause is mandatory, valid, enforceable, and it applies to the Signatory Defendants as parties to the Settlement Agreement, the Court now analyzes whether it applies to Counts 1–9 alleged against the Signatory Defendants.

The forum-selection clause here applies to "the resolution of any dispute, claim, or allegation *arising from or relating to*" the Settlement Agreement. (Doc 36-1, p. 7 (emphasis added)). Defendants argue that Counts 1–9 are subject to the forum-selection clause because each claim arises from or relates to the Settlement Agreement. (Doc. 36, pp. 3–4). In response, Plaintiff argues that Counts 1–5 do not arise from or relate to the Settlement Agreement, and thus, they are not subject to the forum-selection clause. (Doc. 44, pp. 6–13). Plaintiff, however, does not dispute that Counts 6–9 are subject to the forum-selection clause. (*See id.*).

To determine the applicability of a forum-selection clause, courts look to the nature of the claims as well as the pertinent language of the clause. *See Bailey v. ERG Enters., LP*, 705 F.3d 1311, 1317 (11th Cir. 2013). A claim "arises from" a contract when the dispute "was an immediate, foreseeable result of the performance of contractual duties." *See Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1116 (11th Cir. 2001). The dispute in question must have "at

9

least some directness" to the contract in order to "arise from" the contract. *Id.* Similarly, a claim "relates to" a contract when "the dispute occurs as a fairly direct result of the performance of contractual duties." *Id.* The "relates to" language "marks a boundary by indicating some direct relationship." *Doe. v. Princess Cruise Lines, Ltd.*, 657 F.2d 1204, 1218–19 (11th Cir. 2011). Such a boundary is necessary because, "[i]f 'relate to' were taken to extend to the furthest stretch of its indeterminacy, it would have no limiting purpose because really, universally, relations stop nowhere." *Id.* (citations and internal quotation marks omitted). Importantly, a claim does not "arise from" or "relate to" a contract if the parties would "still be embroiled in the dispute" in the absence of the contract. *See id.* at 1218 (citation omitted); *see also Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1368–69 (11th Cir. 2008) ("The parties could have performed the arbitrable contract perfectly, fulfilling all expectations under that contract, and still be embroiled in this dispute." (internal quotation marks and citation omitted)).[2]

---

[2] Although the *Telecom*, *Doe*, and *Hemispherx* courts interpreted arbitration clauses rather than forum-selection clauses, the Eleventh Circuit has recognized that "[a]rbitration clauses are similar to forum-selection clauses." *See Bah. Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1342 n.7 (11th Cir. 2012) (relying on *Doe* and *Telecom* in construing a forum-selection clause).

*a.     Counts 1–5*[3]

Counts 1–5 allege claims for trademark infringement, unfair competition, and unfair trade practices. (Doc. 28, ¶¶ 123–63). These claims pertain to disputes that have occurred as "a fairly direct result of the performance of the contractual duties." (*Id.*); *see Telecom*, 248 F.3d at 1116. As incorporated into Counts 1–5, such contractual duties are set forth in the non-disparagement, noncompetition, non-solicitation, and noninterference provisions of the Settlement Agreement. (*See* Doc. 28 ¶¶ 46–48 (explicitly providing the Settlement Agreement's terms); *see also* Doc. 28, ¶¶ 123, 131, 139, 148, 157 ("Plaintiff [] reincorporates by reference each and every allegation contained in paragraphs 1 – 122 as if fully set forth herein.")). Simply put, if the parties had fulfilled all their contractual duties under the Settlement Agreement, the parties would not be embroiled in the disputes alleged in Counts 1–5. (*See id.* ¶¶ 46–48); *see Doe*, 657 F.3d at 1220 (finding that some of plaintiff's claims did not "relate to, arise from, or connect[] with" the agreement because even if the parties fulfilled their duties under the agreement, they would still be embroiled in the dispute alleged in those claims). Consequently, because there is a "direct relationship" between the dispute and the performance of contractual duties, the claims alleged in Counts 1–5 "relate to" the Settlement Agreement.[4] *See Doe*, at 1218–19.

---

[3]   In accordance with the finding that the forum-selection clause does not apply to the Nonsignatory Defendants, the Court analyzes the claims brought under Counts 1–5 as to the Signatory Defendants only. *See supra* Section II.A.3.

[4]   While the Court's analysis is determinative of whether the forum-selection clause applies to Counts 1–5 against the Signatory Defendants, the Court nonetheless addresses, and rejects,

### b. Counts 6–9

In Counts 6–9 of the Amended Complaint, Plaintiff alleges breach of contract claims as to four of the Settlement Agreement's provisions. (Doc. 28, ¶¶ 164–200). Defendants assert that Counts 6–9 "unquestionably" arise from or relate to the Settlement Agreement. (Doc. 36, p. 4). Plaintiff does not present any response in opposition. (*See* Doc. 44). The Court agrees with Defendants that Counts 6–9 present claims arising from or relating to the Settlement Agreement.

## B. *Forum Non Conveniens*

Thus far, the Court has found that the forum-selection clause is mandatory, valid, enforceable, and applies to Counts 1–9 against the Signatory Defendants. *See supra* Section II.A. The Court now addresses whether dismissal of such counts is warranted under the doctrine of *forum non conveniens*.

*Forum non conveniens* is "a flexible, common law doctrine that provides a district court with inherent power to decline to hear a case in which there is proper jurisdiction and venue." *Usme*, 106 F.4th at 1085 (citations omitted). When there

---

Plaintiff's main argument in opposition. In the Response, Plaintiff argues that Counts 1–5 "do not sound in contract, do not require an analysis of [Plaintiff's] rights under the Settlement Agreement, and do not require the Court to construe the operation and effect of the Settlement Agreement's terms." (Doc. 44, p. 9). In support, Plaintiff cites to caselaw from the Second Circuit for the proposition that Counts 1–5 "do not sound in contract and 'may begin in Court without any reference to the contract.'" (*See id.* at p. 10 (citing *Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.*, 572 F.3d 86, 90 (2d Cir. 2009))). This contradictory argument fails. Plaintiff may not rely on the Settlement Agreement's terms to allege Counts 1–5 and later argue that the Court does not even have to reference the Settlement Agreement. (*Compare* Doc. 28, ¶¶ 123, 131, 139, 148, 157, *with* Doc. 44, pp. 9–11). Ultimately, the Court will not allow Plaintiff to pick and choose when the Settlement Agreement does or does not apply.

is a valid and applicable forum-selection clause, the traditional *forum non conveniens* "calculus changes," and a modified analysis applies.[5] *See Atl. Marine*, 571 U.S. at 63. In this modified analysis, courts are required to: (1) "determine whether an adequate alternative forum exists"; (2) consider the relevant "public interest factors" that "weigh in favor of dismissal"; and (3) determine whether the plaintiff can "reinstate" the "suit in the alternative forum without undue inconvenience or prejudice." *See Todd Benjamin Int'l, Ltd. v. Grant Thornton Int'l, Ltd.*, 682 F. Supp. 3d 1112, 1124–30 (S.D. Fla. 2023); *see also Usme*, 106 F.4th at 1085 (citations omitted).

As to the first factor, both parties agreed that the Settlement Agreement shall be governed by the laws of the State of Florida and that the state courts located in Orange County, Florida shall be the selected forum. (*See* Doc. 36-1, p. 7). Thus, considering Counts 1–9 against the Signatory Defendants relate to the Settlement Agreement that is governed by Florida law, the state courts located in Orange County, Florida serve as an adequate forum to assess Plaintiff's claims.

---

[5] Under the doctrine of *forum non conveniens*, the modified analysis differs from the traditional analysis in three ways:

> First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that dismissal for *forum non conveniens* is unwarranted. Second, a court should not consider arguments about the parties' private interests and must deem the private-interest factors to weigh entirely in favor of the preselected forum. Third, a court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right, and this in turn may affect the public-interest considerations.

*Usme*, 106 F.4th at 1086 (internal quotation marks and citations omitted).

With regard to the second factor, courts consider the following public interest factors: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a [] case in a forum that is at home with the law that must govern the action; [and] the avoidance of unnecessary problems in conflicts of law." *See Todd Benjamin Int'l*, 682 F. Supp. 3d at 1129. The Court notes that the Middle District of Florida has one of the busiest dockets in the country, and thus, this factor weighs in favor of dismissal. *But see Gordon v. Sandals Resorts Int'l, Ltd.*, 418 F. Supp. 3d 1132, 1142 (S.D. Fla. 2019) (noting the same for the Southern District of Florida and explaining that "[n]onetheless, this factor generally does not warrant significant consideration in the *forum non conveniens* analysis"). Next, the state courts of Orange County, Florida have a "local interest" in having this controversy, arising under Florida law, decided at home. (*See* Doc. 36-1, p. 7)*; see Todd Benjamin Int'l*, 682 F. Supp. 3d at 1129. Similarly, there will be an "avoidance of unnecessary problems" in the application of Florida law if these parties proceed in the state courts of Orange County, Florida. *See id.* In sum, the public interest factors weigh in favor of dismissal of the case.

Finally, in considering the third factor of *Atlantic Marine's* modified analysis, the Court concludes that dismissal is appropriate because Plaintiff can reinstate this action in the state courts of Orange County, Florida without "undue inconvenience or prejudice." *See Todd Benjamin Int'l*, 682 F. Supp. 3d at 1129.

Ultimately, "the existence of a valid and enforceable forum [] selection clause is essentially dispositive in the *forum non conveniens* analysis." *See Usme*, 106 F.4th at 1086 (citing *Atl. Marine*, 571 U.S. at 62–64). The Court thus dismisses Counts 1–9 as to the Signatory Defendants pursuant to the Settlement Agreement's forum-selection clause.

### C. Leave to File a Second Amended Complaint

In light of the Court's dismissal of Counts 1–9 against the Signatory Defendants, the Court grants Plaintiff leave to file a Second Amended Complaint alleging the remaining Counts 1–5 against the Nonsignatory Defendants. *See supra* Section II.B. In the Second Amended Complaint, Plaintiff may not incorporate the factual allegations and terms related to the Settlement Agreement into such counts.[6]

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss the Amended Complaint for Improper Venue (Doc. 36) is **GRANTED IN PART AND DENIED IN PART**.

    a. The Motion is **GRANTED IN PART** to the extent that Counts 1–9 against Defendants Robert S. Morse, Dr.

---

[6] The Court clarifies that Plaintiff may include facts related to the Settlement Agreement in the background of the Second Amended Complaint. However, Plaintiff may not rely on such facts in alleging Counts 1–5 against the Nonsignatory Defendants.

    Morse's Herbal Health Club, LLC, and DMHHC Holdings, LLC are **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to terminate Defendants Robert S. Morse, Dr. Morse's Herbal Health Club, LLC, and DMHHC Holdings, LLC as parties.

  b. The Motion is **DENIED** in all other respects.

2. On or before February 24, 2025, Plaintiff Western Botanicals FL, LLC may file a Second Amended Complaint consistent with the directives set forth in this Order and all applicable rules and law. Failure to timely comply shall result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on February 10, 2025.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties