# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

WESTERN BOTANICALS FL, LLC,

    Plaintiff,

v.                                                    Case No:   6:24-cv-1871-PGB-LHP

HANDCRAFTED BOTANICAL
FORMULAS, LLC, MORSE'S
HEALTH CENTER AND
HANDCRAFTED STORE, LLC,
MORSE'S HEALTH CENTER, LLC
and JOHN DOE COMPANIES 1-5,

    Defendants

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANTS ROBERT S. MORSE, DR. MORSE'S HERBAL HEALTH CLUB, LLC, AND DMHHC HOLDINGS, LLC'S MOTION FOR ENTITLEMENT TO THEIR REASONABLE ATTORNEYS' FEES (Doc. No. 63)
>
> **FILED:** February 24, 2025
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice as premature**.

**I.      RELEVANT BACKGROUND**

On October 17, 2024, Plaintiff Western Botanicals FL, LLC filed a complaint against 11 Defendants:  Robert S. Morse, Dr. Morse's Herbal Health Club, LLC, DMHHC Holdings, LLC, Handcrafted Botanical Formulas, LLC, Morse's Health Center and Handcrafted Store, LLC, Morse's Health Center, LLC, and John Doe Companies 1-5.  Doc. No. 1.  Plaintiff thereafter filed an amended complaint against these same Defendants on November 18, 2024.  Doc. No. 28.

The case centers around Plaintiff's purchase of a line of herbal supplements from Defendants Robert S. Morse, Dr. Morse's Herbal Health Club, LLC, and DMHHC Holdings, LLC (the "Signatory Defendants").  *Id.*, ¶¶ 1-3, 30-34.  Plaintiff later executed a Settlement and Mutual Release Agreement with the Signatory Defendants (the "Settlement Agreement"), which included, among other terms, noncompetition, non-solicitation, noninterference, and non-disparagement provisions.  *Id.*, ¶¶ 4, 44, 46-48.  Plaintiff contends that shortly after execution of the Settlement Agreement, Defendant Morse began competing against Plaintiff in a manner that violated Plaintiff's rights and trademarks, and that Defendant Morse committed this misconduct through Defendants Herbal Health Club, LLC and DMHHC Holdings, LLC.  *Id.*, ¶ 4.

Plaintiff now seeks to enjoin the infringing activity, protect Plaintiff's acquired assets, and recover damages.  *Id.*, ¶ 5.  To that end, Plaintiff's amended

complaint alleged five claims against all Defendants: (1) infringement of registered trademarks in violation of 15 U.S.C. § 1114; (2) infringement of common law trademarks in violation of 15 U.S.C. § 1125(a)(1)(A); (3) false advertising in violation of 15 U.S.C. § 1125(a); (4) violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 ("FDUTPA"); and (5) a Florida common law claim for unfair competition.  *Id.*, at 35-49.  Plaintiff also alleged four claims against the Signatory Defendants: (1) breach of the Settlement Agreement's noncompetition provision; (2) breach of the Settlement Agreement's non-solicitation provision; (3) breach of the Settlement Agreement's noninterference provision; and (4) breach of the Settlement Agreement's non-disparagement provision.  *Id.*, at 49-58.

The Defendants filed a joint motion to dismiss the amended complaint in its entirety for improper venue, based on the Settlement Agreement's forum-selection clause, which provides that the state courts in Orange County, Florida shall be the forum for resolution of any disputes or claims arising from or relating to the Settlement Agreement.  Doc. No. 36; Doc. No. 36-1, at 7.  On February 10, 2025, United States District Judge Paul G. Byron granted the motion in part.  Doc. No. 56.  Specifically, Judge Byron held that the forum-selection clause was mandatory, valid, and enforceable, but that it applied only to the claims asserted against the Signatory Defendants.  *Id.*, at 4-12.  Judge Byron further held that dismissal of all counts asserted against the Signatory Defendants was warranted under the doctrine

of *forum non conveniens*. *Id.*, at 12-15. Accordingly, Judge Byron dismissed without prejudice all claims against the Signatory Defendants, terminated the Signatory Defendants as parties to this case, and permitted Plaintiff to file a second amended complaint. *Id.*, at 15-16. Plaintiff filed its second amended complaint, asserting claims solely against Defendants Handcrafted Botanical Formulas, LLC, Morse's Health Center and Handcrafted Store, LLC, Morse's Health Center, LLC and John Doe Companies 1-5, on February 24, 2025. Doc. No. 62.

## II. THE MOTION FOR ATTORNEYS' FEES

Judge Byron did not enter a final judgment as to the Signatory Defendants, nor does it appear that any party has requested the entry of final judgment. Instead, on February 24, 2025, the Signatory Defendants filed the above-styled motion for entitlement to an award of attorneys' fees pursuant to Federal Rule of Civil Procedure 54, Local Rule 7.01, and based on a Covenant Not to Sue provision of the Settlement Agreement, which allows any sued party to recover their attorneys' fees and costs incurred in defending any lawsuit. Doc. No. 63; *see also* Doc. No. 36-1, at 3. Plaintiff opposes, arguing that the motion is premature as there is no final judgment in relation to the Signatory Defendants, and because the Covenant Not to Sue provision does not apply to the claims Plaintiff asserted in this case. Doc. No. 68. Upon consideration, the Court agrees with Plaintiff in part,

and finds the Signatory Defendants' motion is due to denied without prejudice as premature under Federal Rule of Civil Procedure 54(b).

The Signatory Defendants premise their motion for fees on Federal Rule of Civil Procedure 54, and Local Rule 7.01, both of which require a judgment as the triggering mechanism for requesting fees. Doc. No. 63, at 1-3; *see also* Fed. R. Civ. P. 54(d)(2)(B)(i) (requiring a motion for attorneys' fees "be filed no later than 14 days after the entry of judgment"); Local Rule 7.01(b) ("Within fourteen days after entry of judgment, the party claiming fees and expenses must request a determination of entitlement in a motion. . . ."). Rule 54(a) defines a "judgment" as "any order from which an appeal lies." Fed. R. Civ. P. 54(a). Plaintiff first argues that Judge Byron dismissed the Signatory Defendants without prejudice, which is not a final and appealable order, and therefore there is no "judgment" for purposes of a fees motion under either Rule 54 or Local Rule 7.01. Doc. No. 68, at 5-6.

On this point the Court disagrees. As noted above, Judge Byron's order of dismissal was based on the doctrine of *forum non conveniens*, and "[d]isposition of a case on *forum non conveniens* grounds *per se* is a final order subject to appeal." *Sigalas v. Lido Mar., Inc.*, 776 F.2d 1512, 1516 (11th Cir. 1985) (citing *Menendez Rodriguez v. Pan American Life Insurance Co.*, 311 F.2d 429, 432 (5th Cir. 1962), *vacated on other grounds*, 376 U.S. 779 (1964)); *see also King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1378 (11th Cir. 2009) ("Dismissal of a suit on the basis of *forum non conveniens*

is a final, appealable order." (citing *Sigalas v. Lido Mar., Inc.*, 776 F.2d 1512, 1516 (11th Cir. 1985))). Moreover, Judge Byron's dismissal was without leave to refile any claims against the Signatory Defendants, at least not in this forum, thereby also rendering Judge Byron's dismissal order final and appealable. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1094, n.7 (11th Cir. 1996) ("[A]lthough dismissals without prejudice may be appealable, they are only appealable if they are 'final orders.' Dismissals that are without prejudice to refiling are not 'final' for purposes of appeal." (citing *Liberty Nat'l Ins. Holding Co. v. The Charter Co.*, 734 F.2d 545, 553 n.18 (11th Cir. 1984))). *Cf. Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the defendant from returning later, *to the same court*, with the same underlying claim." (emphasis added)).

However, Plaintiff also argues that the Signatory Defendants cannot proceed at this time with their fees motion under Federal Rule of Civil Procedure 54(b). That section of Rule 54 provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a

> judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Here, Judge Byron's order of dismissal did not adjudicate all claims and all parties in this case; rather Judge Byron expressly rejected dismissal of the other Defendants and permitted Plaintiff to proceed with claims against Defendants Handcrafted Botanical Formulas, LLC, Morse's Health Center and Handcrafted Store, LLC, Morse's Health center, LLC and John Doe Companies 1-5.   Doc. No. 56.  And litigation continues on Plaintiff's claims against these Defendants.  *See, e.g.*, Doc. Nos. 62, 65, 67, 75.   Moreover, there is nothing in the docket indicating any request by any party for the entry of final judgment as to the Signatory Defendants, nor has Judge Byron entered any such judgment or found "no just reason for delay" as required by Rule 54(b).

Thus, even though an order of dismissal on *forum non conveniens* grounds would normally be considered a final and appealable order, the dictates of Rule 54(b) still apply.   And in the absence of any order by Judge Byron finding "no just reason for delay," and explicitly entering judgment as to the Signatory Defendants, there is no judgment for purposes of either Rule 54 or Local Rule 7.01, and the request for fees is therefore premature.  *See Kolawole v. Sellers*, 863 F.3d 1361, 1368 (11th Cir. 2017) (district court's order dismissing based on *forum non conveniens*

claims by estates of plane crash victims, who were not United States citizens or residents, was not a final judgment, in action arising out of plane crash in Nigeria, where district court did not dismiss claims by estates of victims who were United States citizens or residents: "The district court's order did not dismiss the claims of all of the Olojo plaintiffs and accordingly was not a final judgment."); *see also Flowers v. Here to Serve Restaurants, Inc.*, No. 17-10761-FF, 2017 WL 3668852, at *1 (11th Cir. May 25, 2017) ("The order granting summary judgment in favor of Oasis dismissed the claims against Oasis, but left pending several other claims against the remaining defendants, and was not certified for immediate review under Federal Rule of Civil Procedure 54(b). Accordingly, that order is not final or appealable." (citations omitted)); *Fla. Wildlife Fed., Inc. v. Admin., U.S. E.P.A.*, 737 F.3d 689, 692 (11th Cir. 2013) ("Where judgment has been entered for only some of the multiple claims or parties in a case, the judgment is final and appealable only if the District Court expressly determines that there is no just reason for delay." (citation and quotations omitted)); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245–46 (11th Cir. 2012) (holding that an order that disposes of fewer than all claims against all parties to an action is not final or immediately appealable unless certified for immediate review); *Myers v. Provident Life & Accident Ins. Co.*, No. 8:19-cv-724-CEH-CPT, 2025 WL 1385106, at *4 (M.D. Fla. Apr. 25, 2025), *report and recommendation adopted*, 2025 WL 1381951 (M.D. Fla. May 13, 2025) (holding that order dismissing only state law

claims but not dismissing federal claims was not a final judgment under Rule 54 absent certification under Rule 54(b)).

### III. CONCLUSION

Because there is no final judgment with respect to the Signatory Defendants, any request for attorneys' fees under either Federal Rule of Civil Procedure 54 or Local Rule 7.01 is premature. Accordingly, the Signatory Defendants' Motion for Entitlement to Their Reasonable Attorneys' Fees (Doc. No. 63) is **DENIED WITHOUT PREJUDICE**. The Signatory Defendants may file a renewed motion for entitlement to fees within **fourteen (14) days** of Judge Byron entering final judgment in this case in its entirety, or within **fourteen (14) days** of Judge Byron entering a final judgment with respect to the Signatory Defendants, based on a finding that there was no just reason for delay, whichever comes first. Alternatively, the Signatory Defendants may refile their motion for entitlement within **fourteen (14) days** from the date of this Order if the Signatory Defendants can support such motion with legal authority demonstrating that Federal Rule of Civil Procedure 54(b) does not apply.

**DONE** and **ORDERED** in Orlando, Florida on May 19, 2025.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties